**Electronically Filed
Supreme Court
SCAD-19-0000561
10-NOV-2020
09:41 AM
Dkt. 304 ODMR**

SCAD-19-0000561

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

GARY VICTOR DUBIN,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case Nos. 16-O-147, 16-O-151, 16-O-213, and 16-O-326)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Intermediate Court of Appeals Associate Judge Leonard,
assigned by reason of vacancy)

Upon consideration of the November 6, 2020 motion for reconsideration filed by Respondent Gary Dubin and the exhibits and declaration accompanying it, alleging this court has improperly relied upon an *ex parte* record to impose disbarment upon him and seeking an order dismissing these disciplinary proceedings, and the November 8, 2020 appearance and motion for an extension of Respondent Dubin's November 9, 2020 effective

disbarment date filed by attorney Keith M. Kiuchi, we reiterate that the disposition of this matter was based solely and exclusively upon the record of the four cases from the Office of Disciplinary Counsel listed in the caption of the disbarment order, a record which provided ample evidence supporting Respondent Dubin's disbarment, and expressly state that no *ex parte* communications or exchanges of any variety occurred in the disposition of this matter.

We note that this court afforded Respondent Dubin 60 days to complete the closure of his law practice and that neither Respondent Dubin nor attorney Kiuchi offers compelling evidence as to why this period of time was insufficient for Respondent Dubin to inform clients of his disbarment and arrange for the return of their client files or the transfer of those files to associate, or other, counsel, pursuant to his duties under Rule 2.16 of the Rules of the Supreme Court of the State of Hawai'i (RSCH) and to the authorization and duties under Rule 1.16(d) of the Hawai'i Rules of Professional Conduct (HRPC).

In addition, attorney Kiuchi's submission indicates that a transfer of the law practice from Respondent Dubin to Kiuchi, pursuant to HRPC Rule 1.17, may have already occurred, obviating the need for the involvement of this court.

Therefore,

IT IS HEREBY ORDERED that Respondent Dubin's motion for reconsideration is denied.

IT IS FURTHER ORDERED that attorney Kiuchi's motion for an extension of the effective date of Respondent Dubin's disbarment is denied. Insofar as the effective date of Respondent Dubin's disbarment remains November 9, 2020, Respondent Dubin is now disbarred from the practice of law and is bound by the duties and limitations imposed upon him by RSCH Rule 2.16, particularly, in light of attorney Kiuchi's submission, the duties imposed by RSCH Rule 2.16(h). Respondent Dubin may only assist attorney Kiuchi to the extent that Dubin's conduct does not constitute the practice of law. See HRS § 605-14 (2016); RSCH Rules 2.16 and 2.17(a); HRPC Rule 5.5.

DATED: Honolulu, Hawaiʻi, November 10, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Katherine G. Leonard